IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL K. STEVENS**,<br><br>        Plaintiff,<br><br>      v.<br><br>**CAROLYN W. COLVIN**,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 3:13-cv-001828-AC<br><br>**OPINION AND ORDER** |

Kathryn Tassinari and Drew Johnson, DREW L. JOHNSON, P.C., 1700 Valley River Drive, Eugene, OR 97401. Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Lars J. Nelson, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Michael K. Stevens ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. United States Magistrate Judge John V. Acosta issued Findings and Recommendation ("F&R") in this case on

PAGE 1 – OPINION AND ORDER

February 3, 2015. Dkt. 35. Judge Acosta recommended that the Commissioner's decision be reversed and remanded for further administrative proceedings. Both the Commissioner and Plaintiff timely filed objections. Dkts. 40, 44. For the reasons below, the Court adopts the F&R in part. The Court adopts the portions of the F&R regarding the ALJ's credibility determinations. The Court concurs with Judge Acosta's conclusion regarding the sufficiency of Plaintiff's residual functional capacity. The Court declines, however, to adopt Judge Acosta's conclusion regarding the vocational expert's hypothetical. Accordingly, the Court affirms the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act.

## STANDARD OF REVIEW

In a social security case decided in the first instance by a magistrate, review of the magistrate's opinion entails review of the underlying social security decision. Therefore, two decisions in this case are subject to review by this Court—the first by the Commissioner, and the second by Judge Acosta. By statute, the two decisions are entitled to two different standards of review.

A.  The F&R

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a

PAGE 2 – OPINION AND ORDER

district judge to review a magistrate's report to which no objections are filed."). Nor, however, does the Act "preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Federal Rule of Civil Procedure 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

## B. The Commissioner's Decision

The Court must affirm the Commissioner's decision if it is free of legal error and its findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In reviewing the Commissioner's decision, the Court "must consider the entire record as a whole." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation marks omitted). The Court may not affirm the Commissioner "simply by isolating a specific quantum of supporting evidence"; nor may the Court affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.* (quotation marks omitted); *see also Bray*, 554 F.3d at 1226. But as long as "the agency's path may reasonably be discerned," the Court must affirm the agency's decision, even though the agency may have explained it with "less than ideal clarity." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quotation marks omitted).

PAGE 3 – OPINION AND ORDER

# DISCUSSION

Judge Acosta determined that the ALJ did not err in rejecting portions of the medical opinion of Bassel Beitinjaneh, M.D.; did not err in rejecting Plaintiff's credibility; did not err in rejecting portions of lay-witness testimony from Plaintiff's wife, Michele Stevens; and did not err in how the ALJ incorporated Plaintiff's concentration, persistence, and pace deficits into Plaintiff's residual functional capacity ("RFC"). Judge Acosta then determined, however, that the ALJ erred in her hypothetical to a vocational expert ("VE") because the hypothetical did not sufficiently capture Plaintiff's work-related limitations relating to concentration, persistence, and pace. Accordingly, Judge Acosta determined that the case should be reversed and remanded for further administrative proceedings. The Commissioner objects to the portion of the F&R relating to the omission of concentration, persistence, and pace deficits in the VE hypothetical. Plaintiff objects to the portions of the F&R relating to Dr. Beitinjaneh's opinion, Plaintiff's credibility, lay-witness testimony, and how the ALJ incorporated concentration, persistence, and pace deficits into Plaintiff's RFC. The Court reviews these portions of the F&R *de novo*.

## A. The Lay and Expert Evidence

After reviewing *de novo* the record and the portions of the F&R to which Plaintiff objects relating to the testimony of Plaintiff and Ms. Stevens, the Court agrees with Judge Acosta's reasoning and conclusions. The Court, therefore, adopts these portions of the F&R. The Court also adopts the portion of the F&R relating to Dr. Beitinjaneh's opinion, supplemented as follows.

If a treating or examining physician's opinion is contradicted by that of another, an ALJ need only provide "specific and legitimate reasons that are supported by substantial evidence" for accepting one and rejecting the other. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An opinion of a non-treating physician may constitute substantial evidence when

PAGE 4 – OPINION AND ORDER

it is consistent with other evidence in the record. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). In addition to the medical notes from treating physicians, the ALJ accepted the opinion of Martin Kehrli, M.D., a reviewing physician who opined that Plaintiff could perform "light" work. The ALJ found Dr. Kehrli's opinion to be consistent with evidence of Plaintiff's actual functioning. Because this is a lesser limitation than Dr. Beitinajeh placed on Plaintiff, the ALJ needed to provide specific and legitimate reasons for rejecting Dr. Beitinajeh's opinion. As the F&R explains, the ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting the sitting and standing/walking limitation that Dr. Beitinajeh placed on Plaintiff. Therefore, the Court adopts this portion of Judge Acosta's F&R.

**B. Concentration, Persistence, and Pace**

At step three of the sequential analysis, the ALJ found, "With regard to concentration, persistence, and pace, the claimant had moderate difficulties. The claimant and his wife indicated that claimant could pay attention fairly well. However, he described difficulty finishing tasks due to panic. A prescription for [C]elexa improved this ability." AR 14. In formulating Plaintiff's RFC, the ALJ limited Plaintiff to "no more than SVP 4 work (due to adjustment disorder and concentration, persistence, and pace deficits)."[1] *Id.* The ALJ also included the SVP 4 limitation in the VE hypothetical. Section IV of the F&R concludes that the ALJ sufficiently captured

---

[1] In full, the ALJ found that Plaintiff had the RFC "to perform light work as defined by 20 CFR 404.1567(b) except: occasionally climb ramps and stairs; occasionally balance, stoop crouch, and kneel; no crawling; no climbing ladders, ropes, and scaffolds; no concentrated exposure to hazards and vibration; perform no more than SVP 4 work (due to adjustment disorder and concentration, persistence, and pace deficits); only brief, superficial public contact; and no overhead reaching with the right upper extremity." AR 14.
  SVP is "specific vocational preparation." It represents the amount of time that it takes an individual to learn a job. U.S. Dep't of Labor, *Dictionary of Occupation Titles*, App'x C § II (4th ed. 1991), *available at* 1991 WL 688702. An SVP of level 4 indicates the time to learn a job to be between three and six months. *Id.* SVP 4 also represents an ability to perform semi-skilled work. SSR 00-4p, *available at* 2000 WL 1898704, at *3.

Plaintiff's difficulties with concentration, persistence, and pace by the SVP 4 limitation in the RFC. Section V of the F&R, however, concludes that limiting Plaintiff to SVP 4 work in the VE hypothetical did not sufficiently include Plaintiff's limitations in concentration, persistence, and pace.

Both parties acknowledge that the conclusions of Sections IV and V regarding the ALJ's incorporation of Plaintiff's concentration, persistence, and pace deficits into Plaintiff's RFC and the VE hypothetical are incongruous. If the SVP 4 limitation in the RFC sufficiently captured Plaintiff's concentration, persistence, and pace deficits, it follows that the SVP 4 limitation in the VE hypothetical also sufficiently captured these deficits. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001). Whether the limitation to SVP 4 work sufficiently captures Plaintiff's concentration, persistence, and pace deficits turns on the evidentiary support for the deficits. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *Gillock v. Astrue*, 2011 WL 4916499, at *6 (D. Or. June 29, 2011). Accordingly, the Court declines to adopt Sections IV and V and, instead, analyzes the sufficiency of the RFC and the hypothetical to the VE below.

**1. The RFC**

Plaintiff argues that the ALJ erred by failing properly to incorporate Plaintiff's limitations in concentration, persistence, or pace into the RFC. The RFC is the maximum that a claimant can do despite his or her limitations. 20 C.F.R. §§ 404.1545, 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, *available at* 1996 WL 374184. Only limitations supported by substantial evidence must be incorporated into the RFC. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Osenbrock*, 240 F.3d at 1163-65. "[A]n ALJ's assessment of a claimant

PAGE 6 – OPINION AND ORDER

adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson*, 539 F.3d at 1174. The medical testimony relied upon by the ALJ in *Stubbs-Danielson* indicated that the plaintiff retained the ability to perform simple tasks notwithstanding some evidence that the plaintiff had deficiencies in pace. *Id.* In light of this medical evidence, the limitation to simple tasks was found to sufficiently incorporate the claimant's deficiencies in pace. *Id.* Here, no medical evidence accepted by the ALJ limited Plaintiff's functioning because of difficulties with concentration, persistence, or pace. Additionally, the record contains evidence of Plaintiff's improved ability to finish tasks and to concentrate.

The ALJ considered Plaintiff's self-reported difficulties with concentration, persistence, and pace, including those related to anxiety and those related to physical pain. The ALJ accepted that Plaintiff had difficulty completing tasks because of anxiety and identified at step three that Plaintiff's concentration, persistence, and pace difficulties were moderate. The ALJ then found that Plaintiff's anxiety, mood, and ability to complete tasks improved with medication. The effect of medication is a relevant factor when an ALJ assesses a claimant's functioning capacity. *See, e.g.*, *Kelsey v. Astrue*, 375 Fed. App'x 788, 789 (9th Cir. 2010) (identifying claimant's improvement with medication as a factor in affirming non-disability finding); *Drevers v. Astrue*, 2012 WL 1189759, at *19-20 (D. Or. Apr. 9, 2012) (same). Additionally, the ALJ identified testimony from Plaintiff and his wife that Plaintiff could pay attention "fairly well." These findings are consistent with the accepted medical testimony, which does not contain limitations caused by difficulties with concentration, persistence, or pace.

The ALJ also considered Plaintiff's reports of difficulty completing tasks because of physical pain and gave the reports weight to the extent that they were consistent with evidence of

PAGE 7 – OPINION AND ORDER

Plaintiff's actual functioning. The ALJ gave significant weight to the opinion of Dr. Kehrli, who opined that Plaintiff could perform light work with specific physical limitations, which the ALJ incorporated into Plaintiff's RFC. The ALJ found Dr. Kehrli's opinion to be consistent with evidence in the record of Plaintiff's actual functioning.

The ALJ concluded that Plaintiff's deficits in concentration, persistence, and pace supported an SVP 4 limitation in the RFC. The evidence that the ALJ accepted does not belie the sufficiency of this limitation. As discussed above, the ALJ identified that Plaintiff's ability to finish tasks improved with medication, and no medical evidence relating to concentration, persistence, or pace accepted by the ALJ placed greater limitations on Plaintiff than the ALJ incorporated in the RFC. Although a limitation to SVP 4 work may not sufficiently capture concentration, persistence, and pace deficits in every instance, the record here indicates that it does. Because Plaintiff's RFC captures limitations supported by substantial evidence when viewing the record as a whole, the ALJ did not err in addressing Plaintiff's concentration, persistence, and pace. *See Stubbs-Danielson*, 539 F.3d at 1174; *Bayliss*, 427 F.3d at 1217.

**2.    The VE Hypothetical**

Plaintiff argues that, as with the RFC, the hypothetical presented to the VE that limited Plaintiff to SVP 4 work did not adequately encompass Plaintiff's limitations in concentration, persistence, and pace. To have evidentiary value, a VE hypothetical must include all of a claimant's physical and mental limitations. *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir 1995); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). The limitations in a VE hypothetical must be supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1217-18. Here, the hypothetical presented to the VE included the limitation to SVP 4 work. As discussed above, including that limitation in Plaintiff's RFC sufficiently incorporated Plaintiff's concentration, persistence, and pace deficits. Accordingly, the hypothetical given to the VE also adequately

PAGE 8 – OPINION AND ORDER

incorporated claimant's limitations in concentration, persistence, and pace. The hypothetical given to the VE was supported by substantial evidence. The ALJ, therefore, did not err in accepting the jobs identified by the VE based upon the hypothetical.

## CONCLUSION

The Court ADOPTS IN PART the F&R (Dkt. 35), as supplemented herein. The Court adopts all but Sections IV and V. The Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 11th day of May, 2015.

                                                  /s/ Michael H. Simon
                                                  Michael H. Simon
                                                  United States District Judge